UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK

---

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

              Plaintiff,

v.

Tremezzo LLC, A Corporation;
Anthony Branchinelli, Individually and as Officer,
Louis Branchinelli, Individually and as Officer,
Mike D'Abruzzo, Individually and as Officer,
Frank Giambanco, Individually and as Officer,
Fortunato Nicotra, Individually and as Officer,
Marco Nicotra, Individually,

              Defendants.

---

Civil Action

File No. 07-CV-02321-SLT-RML

**DOCKET & FILE**
**FILED**
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ JUN 21 2007 ★
P.M. _____
TIME A.M. _____

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT

## CONSENT JUDGMENT

Plaintiff, the Secretary, has filed her Complaint and defendants TREMEZZO LLC, ANTHONY BRANCHINELLI, LOUIS BRANCHINELLI, MIKE D'ABRUZZO, FRANK GIAMBANCO, FORTUNATO NICOTRA and MARCO NICOTRA have appeared by Counsel, and an agreement was reached by all the parties to resolve all the issues raised in this action. Defendants acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Judgment. Defendants, without admitting or denying the allegations of the Complaint, consent to the entry of this Judgment, and it is therefore upon motion of the attorneys for the Secretary and for good cause shown:

I. ORDERED that defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3),

Case 1:07-cv-02321-SLT-RML   Document 4   Filed 06/21/07   Page 2 of 12 PageID #: 47
Case 1:07-cv-02321-SLT-RML   Document 2   Filed 06/12/2007   Page 2 of 12

and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any manner, specifically including:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve accurate and complete records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship;

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

5. In the future, should the U. S. Department of Labor determine that the defendants have violated the provisions of the Act, written notice of such determination shall be sent to defendants' counsel and to defendants with an opportunity to cure the violation within 10 days prior to initiating an action in Federal Court; and it is further

II. ORDERED that the defendants are enjoined and restrained from withholding the payment of overtime compensation due their employees listed in exhibit A in the total amount of $153,609.92. Payment of that sum shall be made in one (1) installment to be paid by May 9, 2007. Defendants shall pay the installment by delivering a certified check or bank check or money order to the United States Department of Labor – Northeast Region, JP Morgan Chase, P.O. Box 880903, Dallas, Texas 75388-0903, payable to the order of "Wage and Hour-Labor", and it is further

III. ORDERED that a copy of each certified check and cover letter when due as set forth in Exhibit A shall be simultaneously sent to John Bialt, Assistant Director, U.S. Department of Labor, Wage Hour District Office, 1400 Old Country Road, Suite 410, Westbury, New York 11550, and Douglas Weiner, Esq., U.S. Department of Labor, Office of the Regional Solicitor, 201 Varick Street, Room 983, New York, New York 10014. The Secretary shall distribute the

defendants' payment to the employees and former employees, or to their estates, in accord with the findings of the investigation.

Defendants shall provide to plaintiff the social security number and last known address of each employee or former employee listed in Exhibit A of this Judgment.

Any sums not distributed to the employees or former employees named herein, or to their personal representatives because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041 and 2042; and it is further

IV. ORDERED that neither defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Judgment; and it is further

V. ORDERED that if the defendants fail to make the installment payment as set forth above, then the Court shall appoint John Braslow, Esq. as a Receiver. If John Braslow, Esq. is unavailable or declines to act as a Receiver, the plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint a Receiver from those offered by the Secretary or may appoint another Receiver at its discretion. In the event a Receiver is appointed, it is further

VI. ORDERED that defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and\or the Receiver, and shall testify, if the accountant or Receiver so decides; and it is further

VII. ORDERED that all the expenses of the accountant or Receiver shall be borne solely by defendants; and it is further

VIII. ORDERED that if the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied; and it is further

IX. ORDERED that the Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order; and it is further

X. ORDERED that the defendants shall advise all their employees in Spanish and English of the employees' rights under the Fair Labor Standards Act, including the payment of minimum and overtime wages and the rights of employees to engage in activity protected by the Act without fear of retaliation. This advice to employees shall take place within 30 days of the entry of this Judgment on a workday; and it is further

XI. ORDERED that defendants shall place posters provided by the Wage and Hour Division with information about the FLSA where employees may view them; and it is further

XII. ORDERED that neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees or former employees of defendants not listed in Exhibit A to file any action against defendants under Section 16(b) of the Act, or likewise for any current or former employee listed

in Exhibit A to file any action against defendants under Section 16(b) of the Act for any violations alleged to have occurred after September 30, 2006; and it is further

XIII. ORDERED that each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED:

/s/ SLT
HONORABLE SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

DATED: June /4, 2007
~~Central Islip~~, New York
BROOKLYN

Defendants have appeared by counsel, and hereby consent to the entry of this Judgment.

_____
Anthony Branchinelli, Individually

_____
Louis Branchinelli, Individually

_____
Mike D'Abruzzo, Individually

_____
Frank Giambanco, Individually

_____
Fortunato Nicotra, Individually

_____
Marco Nicotra, Individually

Tremezzo LLC,

By:

_____
Anthony Branchinelli

6

_____
Louis Branchinelli

_____
Mike D'Abruzzo

_____
Frank Giambanco

_____
Fortunato Nicotra

_____
Marco Nicotra

MARCO NICOTRA

_____
Attorney for all Defendants

_____
Douglas Weiner
Senior Trial Attorney
United States Department of Labor

7

RESOLVED, that the corporation, Tremezzo LLC, hereby ratifies and confirms the offer made to ELAINE L. CHAO, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of this Judgment against it to be entered in an action which has been filed by the Secretary of Labor against the corporation. The officers of the corporation are authorized to do and perform all acts and things necessary to effectuate the provisions of said Judgment and any or all stipulations, amendments and changes therein.

*MARCO Nicotra*

*[signature] Genovese OA*

---

Authorized corporate officer

STATE OF NEW YORK        )
                         :SS:
COUNTY OF ~~SUFFOLK~~ Queens )

On the 8 day of May 2007 before me personally appeared Anthony Branchinelli, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 10

_____
NOTARY PUBLIC

STATE OF NEW YORK        )
                         :SS:
COUNTY OF ~~SUFFOLK~~ Queens )

On the 8 day of May 2007 before me personally appeared Louis Branchinelli, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 10

_____
NOTARY PUBLIC

STATE OF NEW YORK        )
                         :SS:
COUNTY OF ~~SUFFOLK~~ Queens

On the 8 day of May 2007 before me personally appeared Mike D'Abruzzo, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 10

_____
NOTARY PUBLIC

STATE OF NEW YORK      )
                       :SS:
COUNTY OF ~~SUFFOLK~~ Queens )

On the 8 day of May 2007 before me personally appeared Frank Giambanco, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 10

_____
NOTARY PUBLIC

STATE OF NEW YORK      )
                       :SS:
COUNTY OF ~~SUFFOLK~~ Queens )

On the 8 day of May 2007 before me personally appeared Fortunato Nicotra, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 10

_____
NOTARY PUBLIC

STATE OF NEW YORK          )
                           :SS:
COUNTY OF SUFFOLK Queens   )

On the 8 day of May 2007 before me personally appeared Marco Nicotra, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

CAROL GENOVESE
Notary Public, State of New York
No. 01GE4632792
Qualified in Queens County
Commission Expires March 30, 20 _10_

11

# Exhibit A

Summary Of Back Wages

Tremezzo LLC
2411-A Hempstead Turnpike
East Meadow, NY 11554

| Last Name | First Name | Back Wage Amount |
| --- | --- | --- |
| Acosta | Marvin | $10,712.00 |
| Alfonso | Marvin | $5,332.88 |
| Aragon | Jose Antonio | $5,737.50 |
| Aragon | Manuel | $2,763.75 |
| Bonilla | Marvin Noe | $1,215.00 |
| Bueso | Jose Trinidad | $9,033.05 |
| Castillo | Luis | $4,659.38 |
| Conboy | Brian | $253.13 |
| De Jesus-Aragon | Pablo | $5,006.63 |
| Espinosa | Marvin | $2,808.00 |
| Garcia | Danny | $8,281.00 |
| Gerver | Salmeron | $9,015.50 |
| Gustavo-Chavez | Roger | $8,323.25 |
| Hernandez | Jose Antonio | $8,589.75 |
| Iadevaia | Andrea | $3,551.63 |
| Lopez | Oscar Chevez | $9,100.00 |
| Maldonado | Osman | $9,100.00 |
| Marquez | Hugo | $5,715.00 |
| Martinez | Omar | $5,737.50 |
| Nela | Ismet | $2,120.63 |
| Padilla | Pedro | $4,982.25 |
| Reyes | Omar | $9,454.25 |
| Rivas | Ernie Anthony | $4,989.38 |
| Rodriguez | Edwin Jr. | $46.88 |
| Rutigliano | Cesarea | $1,743.75 |
| Sanchez | Tabas | $1,316.25 |
| Saul | Marvin | $4,678.30 |
| Sicari | Thomas | $876.38 |
| Vazquez | Wilmer Rolando | $8,466.90 |
| **Grand Total** | | **$153,609.92** |

12